UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM F. JOHNSON, on her own
behalf and others similarly situated,

    Plaintiff,

Case Number 8:17-cv-1975-T-30AEP

v.

TROJAN LABOR, and
COMPLETE DEVELOPMENT, INC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, William F. Johnson, was an employee of Defendants, Trojan Labor, a Florida for profit corporation and Defendant Complete Development, Inc., a Florida for profit corporate, and brings this action for unpaid wages, retaliation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff worked as an hourly worker for Defendants, who are joint employers for the purposes of this action and Plaintiff performed related activities for Defendant in Hillsborough County, Florida

2. Defendants are within the jurisdiction of the Court. Defendants are an EMPLOYER as defined by the FLSA and Defendants conducts interstate commerce, using telephones, highways and byways and products and supplies (that are used in connection with services provided to Defendant's customers) that do not originate from Florida. Plaintiff was a labor employee who worked doing construction, including work involving "charter schools."

TPA 045412

3. This action is brought under the FLSA to recover from Defendants, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs as well as all lawful relief permitted for Defendant terminating Plaintiff in retaliation for Plaintiff objecting to Defendants for not being paid for all the hours he worked, even those hours that would have constituted only the minimum wage.

4. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

5. At all material times relevant to this action, Defendants was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). In fact, Defendants routinely conduct commerce throughout the nation.

6. At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment.

8. During their employment with Defendants, Plaintiff, and those similarly situated to her, were not paid for all time work during one or more work weeks. Specifically, Defendants failed to pay Plaintiff and those similarly situated to her for all of the hours that Plaintiff worked, including travel time between job sites. Defendants also withheld approximately 3-5 hours from Plaintiff on his last day of work which was approximately July 12, 2017, for no apparent or lawful reason.

9. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work. Defendants refused to respond to written demands for payment of unpaid wages and minimum wages.

10. To the extent that relevant documents exist, such are believed to be in the exclusive possession of Defendants, however neither Defendant has not produced any documentation relating to this claim.

## COUNT I – RECOVERY OF MINIMUM WAGES

11. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-10, above.

12. Plaintiff is entitled to be paid their regular rate of pay for each hour worked per work week. During his employment with Defendants, Plaintiff, regularly worked hours for each week and were not paid even minimum wages for said time.

13. As a result of Defendants intentional, willful, and unlawful acts in refusing to pay Plaintiff his correct rate of pay for each hour worked work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

14. As a result of Defendants willful violation of the FLSA, Plaintiff are entitled to payment of the unpaid wages under the law, as well as minimum wages and liquidated damages under the FLSA.

15. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants, for the payment of all hours at the regular rate of pay for the hours worked by them for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and

3

costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RETALIATION

16. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-10 above.

17. Plaintiff complained of payroll irregularities and for specifically not being paid all the hours Plaintiff worked. Defendants advised Plaintiff, in response to Plaintiff's lawful request for wages, "you can either be paid for those hours and fired or you can let it (the unpaid hours) go". Plaintiff still has not been paid for the hours that he worked without compensation. Defendants have not paid Plaintiff for all the hours he worked. Defendant has advised Plaintiff that Plaintiff is terminated, because Plaintiff made the above referenced request for wages.

18. Defendants' failure to pay overtime constitutes an essential violation of the FLSA. Once the Plaintiff complained of these acts constituting violations of the law, Defendants' failure to pay Plaintiff even the minimum wage for all the hours that Plaintiff worked, the Defendant retaliated against Plaintiff by terminating his employment specifically because Plaintiff asked to be paid his lawful wage.

19. As a direct and proximate result of Plaintiff's complaints to the Defendants regarding FLSA violations, Defendants' retaliated against Plaintiff by refusing to pay Plaintiff any further monies due.

19. Defendants' retaliation of Plaintiff is discrimination and retaliation against Plaintiff in violation of 29 U.S.C. § 215(a)(3).

4

20. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged and suffered financial and other losses.

21. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants, including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits suffered by reason of Defendants unlawful conduct, including interest on such back wages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper, including reinstatement of Plaintiff in such employment at rates and under conditions no less favorable than those to which Plaintiff would have been entitled but for the discriminatory treatment.

Under penalty of perjury, I do hereby swear and affirm that the factual statements presented above are true and accurate.

*William Johnson Jr.*

William F. Johnson

DATED this 11 day of July 2017,

*W. John Gadd*

W. John Gadd, Esq.
Fl Bar Number 463061
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email –
    wjg@mazgadd.com